IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: § | | |
| AMARAVATHI LIMITED § | Bankruptcy Case No. 09-32754 | |
| PARTNERSHIP, *et al.*, § | | |
|     Debtor § | | |

---

| | | |
|---|---|---|
| § | | |
| WELLS FARGO BANK, N.A., § | **CIVIL ACTION NO. H-09-1908** | |
|     Appellant. § | | |

## **MEMORANDUM AND ORDER**

This case is before the Court on Appellant Wells Fargo Bank, N.A.'s Unopposed Request for Certification of Direct Appeal to the Fifth Circuit Court of Appeals Pursuant to 28 U.S.C. § 158(d)(2) [Doc. # 3]. Section 158(d)(2) provides for certification of an appeal from the United States Bankruptcy Court directly to the United States Court of Appeals if the district court certifies any one of the following: (1) the appeal involves a question of law for which there is no controlling decision from this circuit or that involves a matter of public importance; (2) the appeal involves a question of law requiring the resolution of conflicting decisions; or (3) an immediate appeal may materially advance the progress of the underlying bankruptcy proceeding. *See* 28 U.S.C. § 158(d)(2).

The Court finds that all three factors recommend certification of this matter for direct appeal to the Fifth Circuit. The appeal involves *inter alia* whether, in the context of an absolute assignment by an assignor who later files bankruptcy, the Bankruptcy Code's definition of "property of the estate" controls over the absolute assignment of rents that, under state law, transferred actual title of the rents to the assignee. This is an important question as to which there are no decisions from the Fifth Circuit or the United States Supreme Court. The issue also has significant public importance because many loan agreements include provisions assigning rents similar to the one in the Loan Documents in the case on appeal. The Bankruptcy Court's holding in the case on appeal is in conflict with a decision by the Third Circuit holding that, once an assignment of rents passes title to those rents under state law, the rents are not property of the bankruptcy estate. *See Sovereign Bank v. Schwab*, 414 F.3d 450, 453 (3d Cir. 2005). As recognized by the Bankruptcy Court, a direct appeal is likely to advance the progress of the underlying bankruptcy cases because the Bankruptcy Court's decision regarding Debtors' right to use rents will form the basis for the Debtors' reorganization and will be relevant to confirmation of the Plan of Reorganization. For all these reasons, the Court concludes that certification of a direct appeal to the Fifth Circuit pursuant to § 158(d)(2) is appropriate. It is, therefore,

**ORDERED** that the Unopposed Request for Certification of Direct Appeal to the Fifth Circuit Court of Appeals Pursuant to 28 U.S.C. § 158(d)(2) [Doc. # 3] is **GRANTED**. It is further

**ORDERED** that this case is **STAYED AND ADMINISTRATIVELY CLOSED** pending a decision by the Fifth Circuit whether to authorize the direct appeal. It is further

**ORDERED** that Unopposed Motion to Stay Briefing Schedule [Doc. # 4] is **GRANTED** to the extent that any briefing in the district court is **STAYED**.

SIGNED at Houston, Texas, this 29th day of **July, 2009.**

_____
Nancy F. Atlas
United States District Judge